UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DASHA R. DILLARD,               )<br>                                                    )<br>            Petitioner,           )<br>v.                                              )      No. 1:05-CV-1416-SEB-VSS<br>                                                    )<br>TOM HANLON, Superintendent, )<br>                                                    )<br>            Respondent.         ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Because the habeas petition of Dasha Dillard was not filed within the applicable statute of limitations, the action must be dismissed with prejudice without the merits of the claims in that petition being reached. This conclusion is based on the following facts and circumstances:

1.      Dillard was convicted in an Indiana state court in 2001 of a drug offense. This conviction was based on his plea of guilty. He did not file a direct appeal from this disposition, but filed an action for post-conviction relief in the trial court on October 18, 2002. The trial court's denial of post-conviction relief was affirmed on appeal in *Dillard v. State,* No. 20A03-0402-PC-68 (Ind.Ct.App. 2004) (unpublished), with the Indiana Supreme Court denying Dillard's petition for transfer on February 3, 2005. The present action was then filed on September 22, 2005.

2.      Because Dillard's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 .S.C. § 2244(d)(1).

3.      Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A) the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Dillard's conviction became final for habeas corpus purposes on April 22, 2001, because that was the date upon which he could have filed a direct appeal challenging his sentence. The 1-year statute of limitations expired one (1) year later, on April 22, 2002.

4.      Dillard did not file his habeas petition by the April 22, 2002, deadline. As already noted, his habeas petition was filed on September 22, 2005, three years and five months later.

5.      It is true that pursuant to 28 U.S.C. § 2244(d)(2) the running of the habeas statute of limitations was tolled during the time a post-conviction petition was pending in the Indiana courts. See *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). It is also true that Dillard filed an action for post-conviction relief on October 18, 2002. The post-conviction action remained pending through February 3, 2005.

6.      From the foregoing, it is evident that the fact that the post-conviction petition was not filed until after the statute of limitations had already expired makes the filing of the action for post-conviction relief irrelevant to the computation which is required. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). Dillard's contention that the post-conviction action was "timely" under Indiana state law may be true, but it is no impact on the commencement of the statute of limitations for his federal habeas corpus petition.

7.      In sum, Dillard used his entire statutory period under 28 U.S.C. § 2244(d)(1) between his conviction becoming final and the filing of his state post-conviction action–he used that period and then some. His delay in filing the state post-conviction action may not have rendered that action untimely under state law, but that same delay caused his subsequently filed federal habeas petition to be filed beyond the period Congress has prescribed. His Dillard's allegations do not provide a basis to conclude that he timely filed his federal habeas petition or that a state-created impediment prevented him from filing an application for federal habeas corpus within the 1-year period following the conclusion of his post-conviction and resentencing proceedings in the state courts.

8.      "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Dillard has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 03/03/2006

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana